IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD HOLLIHAN, JR.,         ) | |
| )| |
| Petitioner,     ) | |
| )| |
| v.                              ) | Civil Action No. 07-102 |
| )| Judge Arthur J. Schwab |
| GERALD ROZUM, Superintendent; THE   ) | Magistrate Judge Amy Reynolds Hay |
| DISTRICT ATTORNEY OF ALLEGHENY) | |
| COUNTY; and THE ATTORNEY     ) | |
| GENERAL OF THE STATE OF PENN-   ) | |
| SYLVANIA;                        ) | |
| )| |
| Respondents    ) | |

## REPORT AND RECOMMENDATION

### RECOMMENDATION

It is recommended that the habeas petition filed pursuant to 28 U.S.C. § 2254 be dismissed prior to service for lack of subject matter jurisdiction and that a certificate of appealability be denied.

### REPORT

Richard Hollihan, Jr. (Petitioner), who is serving a life sentence for the murder of his wife, has filed another habeas petition, seeking to challenge his first degree murder conviction obtained on February 4, 1986, following a jury trial in the Court of Common Pleas of Allegheny County. In his Petition, executed on April 27, 2007, he identified the conviction that he was attacking as the conviction for first degree murder obtained in the Allegheny County Court of Common Pleas at Dkt. No. 8503016 and the date of the imposition of sentence as May 15, 1987. Dkt. [1] at 5. Because Petitioner has sought to challenge this conviction at least three times before and on at least one of those occasions, the petition was decided on the merits and denied,

the present petition is second or successive and must be dismissed because this court lacks subject matter jurisdiction over such second or successive petitions.

*Applicable Legal Principles*

Rule 4 of the Rules governing Section 2254 cases and hence, the instant petition, provides in relevant part that:

> The [Section 2254] petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.

In interpreting Rule 4 of the Rules Governing Section 2254 Proceedings, the Advisory Committee Notes to Rule 4 observe that

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration, may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

In addition to ordering state court records and/or opinions, a federal habeas court may take judicial notice of those state court records and/or state court opinions as well as its own court records. See, e.g., Barber v. Cockrell, No. 4:01-CV-0930-A, 2002 WL 63079, at *1 n.4 (N.D. Tex. Jan. 8, 2002)(in a Rule 4 case, the court took judicial notice of its own records of a prior habeas petition filed by the petitioner); United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998)(In a Rule 4 summary dismissal, the court took "judicial notice of the opinion of the Illinois Appellate Court in this case."); Reyes-Vejerano v. United States, 276 F.3d 94, 98 n.2 (1st Cir. 2002); Cowell v. Artuz, 133 F.3d 906 (Table), 1998

WL 11029, at *1 (2nd Cir. 1998). Accordingly, in deciding this petition, this court takes judicial notice of the records and/or dockets in Hollihan v. Sobina, No. 02-868 (W.D. Pa.).

As an alternative basis for the court's action, a court always has the inherent power to sua sponte raise its own subject matter jurisdiction. Palmer v. Barram, 184 F.3d 1373, 1377 (Fed.Cir. 1999)("The question of subject matter jurisdiction, therefore, is one that may be raised sua sponte by the court, as it was here, and our jurisdiction to address and decide it is inherent."). See also Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (citations omitted)("[i]t has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.")

To the extent that Petitioner is entitled to notice and an opportunity to be heard prior to dismissal of his petition for lack of subject matter jurisdiction, this report and recommendation serves as appropriate notice and the opportunity to file objections provides Petitioner the opportunity to be heard. Faragher v. Walter, 26 Fed.Appx. 610, 611 (9th Cir. 2001)(holding that magistrate judge's rule to show cause and issuance of report and recommendation with its concomitant opportunity to object supplied that necessary notice and opportunity to be heard); Kelly v. Ducharme, 18 Fed. Appx. 527, 528 (9th Cir. 2001)(same).

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (AEDPA), which amended the standards for obtaining federal habeas relief, was effective April 24, 1996. Because Petitioner's habeas petition was filed after the effective date of AEDPA, AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000), cert. denied, 532 U.S. 980 (2001).

In AEDPA, Congress enacted strictures on the filing of second or successive habeas petitions in response to the abuse of the habeas writ by prisoners. See Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997)("The purpose of the gatekeeping restrictions was to prevent abuse of the habeas writ."). Congress provided that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The allocation of gatekeeping responsibilities to the Court of Appeals provided by Section 2244(b)(3)(A) has essentially divested the District Courts of subject matter jurisdiction over habeas petitions that are second or successive within the meaning of that subsection. See, e.g., Robinson v. Johnson, 313 F.3d 128, 140 (3d Cir. 2002)("From the district court's perspective, it [i.e., Section 2244(b)(3)(A)'s gatekeeping assignment to the Courts of Appeals] is an allocation of subject-matter jurisdiction to the court of appeals."), cert. denied, 540 U.S. 826 (2003).

Under Section 2244(b)(3)(A), a second petition may not necessarily constitute a "second or successive petition" within the meaning of subsection (3)(A). The Supreme Court construed § 2244(b) in a manner that avoids an overly literal construction of the term "second or successive" petition, recognizing that some types of "second" petitions do not implicate the judicially developed abuse-of-the-writ principles that were the basis for AEDPA's statutory restrictions. See Stewart v. Martinez- Villareal, 523 U.S. 637 (1998).

In Stewart, the Court held that §2244(b)(3)(A) authorization was not required because although petitioner's claim -- that he could not be executed due to the fact that he was

incompetent to be executed -- had been raised in his earlier petition, the earlier petition was dismissed without prejudice as premature. This claim was not a "second or successive" petition under AEDPA because Martinez-Villareal "brought his claim in a timely fashion, and it has not been ripe for resolution until now." Id. at 645. The Court expressly stated that a later petition should not be considered successive when the earlier petition was dismissed without prejudice for failure to exhaust state remedies, and that AEDPA should not be construed so that the dismissal of an earlier petition "for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." Id. at 645. Essentially, where a first petition was brought and dismissed but not addressed on the merits, a second petition challenging the same conviction is not subject to the requirement that the petitioner apply to the Court of Appeals for permission to file the second petition.

In contrast, where a prior petition was addressed on the merits and the subsequent petition raises issues that could have been raised in the first petition or, otherwise constitutes an abuse of the writ, the subsequent petition is "second or successive" within the meaning of subsection (3)(A) and cannot be filed in the district court without authorization from the Court of Appeals . See, e.g., In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)("Thus, a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ."); James v. Walsh, 308 F.3d 162, 167 (2d Cir. 2002)("a subsequent petition is 'second or successive' when it raises a claim that was, or could have been, raised in an earlier petition.").

*Discussion*

In his instant petition, Petitioner is challenging the very same conviction charged at Allegheny County Court of Common Pleas No. CC 1985-3016 which he challenged in Hollihan v. Sobina, No. 02-868 (W.D. Pa.) (hereinafter "the 2002 petition"). See Dkt. [1] at 5, ¶¶ 1 to 5. In a Report and Recommendation filed October 6, 2003, it was recommended that the 2002 petition be denied due to it being time barred. Id. at Dkt. 26.[1] The District Court adopted the report and recommendation which addressed the 2002 petition. Id., at Dkt. 30. The Court of Appeals denied a certificate of appealability. Id., at Dkt. 35.

A dismissal of a habeas petition based upon it being time barred constitutes a disposition "on the merits" within the contemplation of Martinez-Villareal and renders a subsequent petition that raises issues which could have been raised in the first petition "second or successive" and subject to Section 2244 (b)(3)(A)'s gatekeeping provisions. Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005)(holding an earlier petition dismissed on the basis of AEDPA's statute of limitations barred a second petition because the second petition was second or successive pursuant to AEDPA); Mack v. Shannon, No. Civ.A. 04-3814, 2005 WL 182724 (E.D. Pa. Jan. 26, 2005)(same).

In addition, it appears that all of the issues Petitioner raises in the present petition could have been raised in the earlier petition. At the very least, Petitioner has not shown why the claims he presently raises could not have been raised in the prior petition. See, e.g., Acosta v. Artuz, 221 F.3d 117, (2d Cir. 2000)("the portion of Section 2244 dealing with abuse of the writ changed previous law by shifting the burden from the government to the petitioner to plead that a

---

[1] A copy of the Report is attached hereto.

habeas petition 'was not abusive, at least insofar as the petitioner now must demonstrate ... that any new claims could not have been raised in a prior petition because they rely on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.'").  Hence, because the 2002 petition was disposed of "on the merits," and Petitioner has failed to show that he could not have brought the claims which he now raises in the present petition in the 2002 petition, this present petition is a "second or successive" petition.

 A review of the computerized dockets of the Court of Appeals shows that Petitioner has not sought nor received from that Court permission to file this second or successive petition. Therefore, the habeas petition must be dismissed for lack of subject matter jurisdiction.

### *Certificate of Appealability*

Section 2253 of Title 28 generally governs appeals from district court orders regarding habeas petitions and requires prisoners attacking their state convictions to obtain a certificate of appealability ("COA") before appealing to the Court of Appeals. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

There is a difficulty with this provision when the District Court does not address the issue of a constitutional violation, but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000). In Slack v. McDaniel, the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a

[COA] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. at 484. Hence, the analysis as to whether a COA should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Walker v. Government of the Virgin Islands, 230 F.3d at 90. The test is conjunctive and both prongs must be met. See id. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether dismissal of the petition based upon the fact that it is second or successive was correct. Accordingly, a certificate of appealability should be denied. Because of this conclusion, the court does not need to reach the other prong of the Slack v. McDaniel test, i.e., whether Petitioner has made a substantial showing of a denial of a constitutional right.

CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ Amy Reynolds Hay
United States Magistrate Judge

Dated:   23 May, 2007

cc:   The Honorable Arthur J. Schwab
      United States District Judge

      Richard Hollihan, Jr.
      AJ-0676
      SCI Somerset
      1600 Walters Mill Road
      Somerset, PA 15510-0002

Case 3:07-cv-00102-AJS-ARH    Document 3    Filed 05/24/2007    Page 10 of 10